| | | |
|---|---|---|
| LISA CASH F/K/A/ LISA | ) | |
| PRZYBYLSKI, MOTHER AND | ) | |
| NEXT FRIEND OF W.P., | ) | |
| A MINOR | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:15-cv-00518-JAW |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM OFFERING MULTIPLE EXPERTS ON THE SAME ISSUES

NOW COMES the Plaintiff, Lisa Cash, Mother and Next Friend of W.P., a minor, by and through Terry Garmey and Associates, P.A., pursuant to Fed. R. Civ. P. 16(c)(2)(D) and Fed. R. Evid. 403 and 702 and hereby requests that this Court enter an Order that each party designate one expert per issue and/ or to strike portions of Defendant's expert designation which are duplicative for the reasons contained herein.

## BACKGROUND FACTS

Pursuant to this Court's Scheduling Order, Defendant designated three experts on August 17, 2016: Wendy Ann Chabot, M.D., F.A.A.P., a pediatrician, Debra L. Friedman, M.D., M.S., a pediatric oncologist/ hematologist, and James W. Jarvis, M.D., F.A.A.F.P., a pediatric family practitioner. Although Defendant has designated three experts from three different practice areas, all three experts share almost identical opinions on numerous standard of care topics.[1] A paragraph by paragraph comparison of the "opinions to be expressed" sections of each of the

---

[1] Plaintiff's counsel conferred with Defense counsel on August 22, 2016; Defense counsel claimed the designations are different and "the issue is not ripe."

designated experts reveals duplicative and cumulative expert testimony. *See Defendant's Expert Designation dated August 17, 2016.* Rather than designate one expert per issue, Defendant has designated three experts who give exactly the same opinions on exactly the same issues.

Paragraph 1 of Dr. Chabot's designation, opinions to be expressed, in summary,[2] states that Defendant Evelyn Dempsey, N.P., met the standard of care on February 21, 2014; her charting, physical examination and diagnosis were all appropriate. Paragraph 2 of Dr. Chabot's proposed opinions states: enlarged livers and spleens are hard to detect in pediatric patients and even an abdominal exam performed correctly may not detect the condition. Paragraph 3 of Dr. Chabot's proposed opinions states W.P.'s symptoms at the time Defendant Dempsey saw her did not require any imagining, bloodwork, testing or a referral to a specialist. Paragraphs 1 through 3 of Dr. Jarvis' designation, opinions to be expressed, offers the exact same standard of care opinions.

Defendant designated all three doctors to opine that acute lymphoblastic leukemia (ALL) symptoms mimic other common childhood conditions so the condition is hard to diagnose in the primary care setting and often only done so after multiple visits when other conditions are ruled out. Defendant goes on to add that it is even more difficult to diagnose when the practitioner, like Defendant Dempsey, is unfamiliar with a patients personal history. Compare Dr. Chabot's opinions to be expressed paragraph 4, Dr. Freidman opinions to be expressed paragraph 2, and Dr. Jarvis, opinions to be expressed, paragraph 4.

Both Dr. Chabot and Dr. Jarvis have the same opinions with respect to the standards of care articulated by Plaintiff's expert, Dr. Bomze, and both excuse the conduct of Defendant Dempsey by stating it "was not reasonably foreseeable that W.P.'s pediatrician, Dr. Adams, would not perform an abdominal exam" or that W.P.'s parents would not insist on an abdominal

examination or get an opinion from another doctor. Compare paragraph 5 and 6 of Dr. Chabot's opinions to be expressed with paragraphs 5 and 6 of Dr. Jarvis' proposed opinions. Save for a few paragraphs about causation in Dr. Friedman's designation, all of the experts Defendant has proffered have the same opinions.

## LAW AND ARGUMENT

This Court may limit the number of experts allowed to testify in a case pursuant to Rule 16(c)(2)(D) of the Federal Rules of Civil Procedure which provides that at any pretrial conference, the court may "take appropriate action to avoid unnecessary proof and cumulative evidence, and limit the use of testimony under the Federal Rule of Evidence 702." Expert testimony can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses. *Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S.Ct. 2786, 2798 (1993).* There are numerous reasons why each party should be limited to one expert per issue and the Court should enter an Order at this stage in the litigation. The expert testimony as designated is unfairly prejudicial, wasteful of the Court's and litigants' time and resources, likely to confuse the jury and unnecessarily cumulative.

Defendant's proffered testimony is cumulative. Cumulative evidence, although relevant, may be excluded pursuant to Fed. R. Civ. P. 403. In *Bado-Santana v. Ford Motor Co.,* 364 F.Supp 2d 79 (1st Cir. 2005) plaintiffs objected to defendant's designation of multiple engineers to testify about the design and testing of the Ford Explorer. The Court sustained the objection and ruled that it would not allow cumulative expert testimony. The only way more than one engineer could testify was if the testimony of each was about different aspects of the design and

---

[2] Rather than recite Defendant's designation verbatim, Plaintiff has summarized the substance of the designations.

testing process. Id. at 82. The designation offered by the Defendant in this case for Doctors Chabot and Jarvis are identical. Doctor Freidman's opinions to be offered in paragraphs 1-2 are the same opinions offered by doctors Chabot and Jarvis. This Court should require that the Defendant refine its designation and limit each expert to separate and discreet issues.

In a case such as this where a party, like the United States of America, has superior resources to the other, the scales are unfairly tipped in favor of the party that can afford more experts. The fact finder may be unfairly persuaded by the number of expert opinions rather than the quality of the testimony. In addition, the number of experts gives Defendant opportunities to pick and choose those experts who stand up well on cross examination and jettison those who do not. If one of Defendant's experts falters, there are two more in line to corroborate his/ her testimony and are on notice to plug any evidentiary holes left behind. This gives Defendant an unfair advantage.

Plaintiff must also incur exorbitant costs and expense to depose multiple experts saying the same thing and essentially vouching for one another. Dr. Chabot is based in Western Massachusetts and has a deposition rate is $650 per hour. Dr. Freidman is located in Nashville, Tennessee and charges a fee of $1,200 for depositions. Dr. Jarvis is based in Bangor, Maine and is charging $350 per hour for his deposition testimony. A ruling now will avoid the time and expense associated with traveling to and deposing each of these experts. Plaintiff should not be forced to expend the time and financial resources to depose experts over and over again as to the same issues. Plaintiff requests that the Court impose a one expert per issue rule and/or Order that the Defendant choose an expert for each issue.

WHEREFORE, for the reasons contained herein, Plaintiff respectfully requests that the Court order Defendant to choose one expert per issue and revise its Expert Designation or, in the alternative, to strike the duplicative sections of Defendant's designations.

Date: August 22, 2016

/s/Christian C. Foster
Christian C. Foster, Esq. Bar No. 9086
Terrence D. Garmey, Esq. Bar No. 1656
*Attorney for Plaintiff*
**TERRY GARMEY & ASSOCIATES**
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2016, I electronically filed the foregoing using the CM/ECF system, which will send notifications of such filing(s) to the following:

John Osborn
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street
Portland, ME  04104
John.Osborn@usdoj.gov

/s/Christian C. Foster
Christian C. Foster, Esq. Bar No. 9086
Terrence D. Garmey, Esq. Bar No. 1656
*Attorney for Plaintiff*
**TERRY GARMEY & ASSOCIATES**
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644